**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 9:95-CR-00030-RC** |
| **v.** | § | |
| | § | |
| | § | |
| **KEVIN HENDERSON (7)** | § | |
| | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed July 8, 2017, alleging that the Defendant, Kevin Henderson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Kevin Henderson was sentenced on June 25, 1997, before The Honorable Thad Heartfield, of the Eastern District of Texas, after pleading guilty to the offense of Possession With Intent to Distribute a Schedule II Controlled Substance, Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 108 to 135 months. Henderson was subsequently sentenced to 108 months' imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include testing and treatment for drug abuse, as directed by the probation officer, until such time

as the defendant is released from the program by the probation officer and a $100 special assessment. On June 25, 1997, the Judgment was amended in accordance with Federal Rule of Criminal Procedure 35(b), which changed the term of imprisonment from 108 months to 36 months.

## II. The Period of Supervision

On August 21, 1998, Henderson completed his period of imprisonment and began service of the supervision term. His supervision was revoked on November 29, 2001, and he was resentenced to 8 months' imprisonment followed by 3 years of supervised release. His new term of supervised release commenced on July 26, 2002.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Henderson violated the following condition of release: The Defendant shall not commit another federal, state, or local crime.

## IV. Proceedings

On September 28, 2017, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the allegation that claimed he violated his condition of supervision by being convicted in Smith County, Texas, on May 18, 2005 for Possession of a Controlled Substance (a Second Degree Felony), and for Bail Jumping and Failure to Appear (a Third Degree Felony), and

sentenced to twenty years and ten years, respectively, in the Texas Department of Criminal Justice

Institutional Division.   In return, the parties agreed that he should serve a term of imprisonment

of Time Served, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised

release and require the defendant to serve in prison all or part of the term of supervised release

authorized by statute for the offense that resulted in such term of supervised release without credit

for time previously served on post-release supervision, if the court, pursuant to the Federal Rules

of Criminal Procedure applicable to revocation of probation or supervised release, finds by a

preponderance of the evidence that the defendant violated a condition of supervised release, except

that a defendant whose term is revoked under this paragraph may not be required to serve on any

such revocation more than five years in prison if the offense that resulted in the term of supervised

release is a Class A felony, more than three years if such offense is a Class B felony, more than

two years in prison if such offense is a Class C or D felony, or more than one year in any other

case.   The original offense of conviction was a Class B felony, therefore, the maximum

imprisonment sentence is 3 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence

that the Defendant violated conditions of supervision by failing to not commit another federal,

state, or local crime, the Defendant will be guilty of committing a Grade B violation.  U.S.S.G. §

7B1.3(a)(2) indicates that upon a finding of a Grade B violation, the court may (A) revoke

---

1.  All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  See U.S.S.G. Ch. 7 Pt. A; United States v. Price, 519 F. App'x 560, 562 (11th Cir. 2013).

probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of III, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

According to U.S.S.G. § 7B1.3(f) any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see</u> <u>also</u> 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(a)(6).

6.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to not commit another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Typically, incarceration is an adequate remedy for the Defendant's violation. However, further imprisonment does not appropriately address the Defendant's violation in this case because the sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will not be served by an additional prison sentence. The Defendant was sentenced to a combined thirty years' imprisonment for the violations made the basis of this revocation. He served twelve years of this thirty-year sentence in prison, and will be on parole for the following eighteen years. Consequently, the Defendant should be sentenced to Time Served, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to not commit another federal, state, or local crime. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of Time Served, with no term of supervised release to follow.

## VIII. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 3rd day of October, 2017.

Zack Hawthorn
United States Magistrate Judge